UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARVIN JOHNSON,

                Plaintiff,

vs.                              Case No.   2:05-cv-328-FtM-99SPC

SGT. SOOY; SGT. ROGERS; SGT. HENDERS; L. J. NIETO,

                Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court upon review of Plaintiff's Response to the Court's Show Cause Order.  Plaintiff, who is proceeding *pro se*, filed a civil rights Complaint (Doc. #2) pursuant to 42 U.S.C. § 1983 while incarcerated at Hendry Correctional Institution.[1]  On August 10, 2005, the Court entered an Order (Doc. #6) directing Plaintiff to show cause why the Complaint should not be dismissed for failure to fully exhaust his available administrative remedies.  Plaintiff filed responses (Docs. #8, #12-2) to the Show Cause Order and attached his grievance forms.[2]

---

[1] Plaintiff is now incarcerated at the Florida State Prison.

[2] As of the date of this Order, service of process has only been effectuated on Defendant Rogers.  The U.S. Marshals were directed to personally serve the remaining defendants, but according to the docket history service of process has not been effectuated.

I.

The Complaint alleges that the defendants violated Plaintiff's constitutional rights when they used "an amount of force that was unreasonable and unnecessary" to restrain Plaintiff. (Doc. #2 at 5.) Plaintiff alleges that on January 17, 2005, Defendants Sooy, Hender, Rogers,[3] and Nieto jumped on Plaintiff while at "food service". (Doc. #2 at 4.) Then, Plaintiff states that Officer Sanibral called for assistance. Plaintiff alleges as he "walked to the storage room area, Sgt. Sooy, Sgt. Hender, Sgt. Roger[s], and Col. J. Nieto forcefully slammed me to the floor before restraining me in handcuffs." (Id.) The defendants escorted Plaintiff to the jail's medical department and then to confinement. (Id. at 5.) Plaintiff states that as a result of the excessive use of force he "suffered damages including physical suffering, physical inconvenience, physical discomfort, aggravation of an existing medical condition, loss of gaintime, embarrasment [*sic*], humiliation, disgrace of injury to my feelings and reputation." (Id.) As relief, Plaintiff seeks one million dollars. (Id. at 6.)

II.

Before addressing the merits of Plaintiff's claim, the Court must determine whether Plaintiff's Complaint is barred by the Prison Litigation Reform Act (hereinafter "PLRA"). Boxer v.

---

[3]The Complaint names a Sergeant "Roger", however the correct spelling of this defendant's last name is "Rogers".

Harris, 437 F.3d 1107 (11th Cir. 2006).  On April 26, 1996, the President signed into law the PLRA which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); (2) "to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," id. (internal quotation marks omitted); and (3) to "reduce the quantity and improve the quality of prisoner suits," id. (internal quotation marks omitted).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; see also Booth, 532 U.S. at 739; Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).  Thus, exhaustion is a pre-condition to suit, Woodford, 126 S. Ct. at 2382; the Court is required to

enforce this requirement *sua sponte*. See <u>Salas v. Tillman</u>, 162 Fed. Appx. 918 (11th Cir. 2006)(holding that the district court's *sua sponte* dismissal of Plaintiff's § 1983 claims for Plaintiff's failure to exhaust was not an abuse of discretion); <u>see also</u> <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir.), <u>cert. denied</u>, 525 U.S. 833 (1998).

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion." <u>Woodford</u>, 126 S. Ct. at 2387 (emphasis added). In <u>Johnson v. Meadows</u>, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. <u>Id.</u> at 1156. Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. <u>Woodford</u>, 126 S. Ct. at 2382; <u>Porter v. Nussle</u>, 534 U.S. 516 (2002); <u>Booth</u>, 532 U.S. at 741 (finding that Congress has mandated exhaustion of

administrative remedies, regardless of whether the relief sought – i.e. monetary damages – is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326)); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000). The grievance form must contain enough information about the conduct of which the prisoner complains to allow prison officials an opportunity to take appropriate action. Goldsmith v. White, 357 F. Supp. 2d 1336, 1340 (D. Fla. 2005) (citations omitted).

### III.

The Court takes judicial notice of the exhaustion procedures established by the Florida Department of Corrections. Pursuant to the Florida Administrative Code Chapter 33-103, Plaintiff is required to exhaust all available administrative remedies before pursuing a civil rights action. Specifically, the Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Fla. Admin. Code 33-103.006-.007. If the inmate's issue is not resolved at the institutional level, the inmate must

file an appeal to the Office of the Secretary of the Florida Department of Corrections. Id. at 33-103.007. Additionally, an inmate may bypass the filing of an informal and formal grievances and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary. Id. at 33-103.007(6).

Upon review of the grievances Plaintiff attached to the response, the Court finds that Plaintiff failed to fully and properly exhaust his available administrative remedies. The only grievance addressing the issue raised in the Complaint was the first grievance Plaintiff submitted dated February 3, 2005, addressed to the assistant warden. The grievance states that Defendants Rogers, Sooy, Hender, and Nieto "jump [sic] on me in the chow hall" and "I fell on the floor [sic] is cement [and] bump[ed] my head." (Doc. #8 at 5, Exh. A.) Next, on May 9, 2005, Plaintiff submitted a grievance addressed to the assistant warden. This grievance addressed Plaintiff's concern that he should see an orthopedic doctor for his dizziness and requests that the jail send him to South Florida Reception Center "to see a orthopedic or a chriropracter [sic] doctor." (Id. at 6, Exh. B.) The jail's response addresses Plaintiff's medical concerns, stating that the jail doctor was not of the opinion that Plaintiff's condition required a specialist. Plaintiff appealed the jail's denial of a

specialist doctor and on May 27, 2005, the jail denied Plaintiff's grievance again stating that the jail doctor did not believe a specialist was necessary.  Thereafter, on May 18, 2005, Plaintiff filed an appeal with the Secretary of the Department of Corrections again concerning Plaintiff's belief that he required an orthopedic specialist.   Although Plaintiff followed the proper three-step procedure, the issues Plaintiff raises in the grievances were not the concern of the Complaint *sub judice* and as such did not allow prison officials an opportunity to investigate the claim that Plaintiff now raises.  Thus, Plaintiff's Complaint is due to be dismissed for failure to properly exhaust the available administrative remedies.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Complaint is **dismissed** without prejudice pursuant to 42 U.S.C. § 1997e(a).

2.  The **Clerk of Court** shall: (a) terminate any pending motions; (b) enter judgment accordingly; and (c) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __28th__ day of November, 2006.

JOHN E. STEELE
United States District Judge

SA:   alj

Copies:     All Parties of Record
            U.S. Marshal's Office- Sally